IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE HAMILTON,      No. C 09-3072 WHA (PR)

    Petitioner,      **ORDER TO SHOW CAUSE**

vs.

Warden M .J. EVANS,

    Respondents.
                                 /

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at High Desert State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition was dismissed with leave to amend, and petitioner has filed a timely amended petition.

## STATEMENT

In 2006 petitioner pled nolo contendere to a change of voluntary manslaughter and was sentenced to twenty years in prison. It appears he did not pursue a direct appeal, but has exhausted these claims by way of unsuccessful habeas petitions filed in all three levels of the California courts.

## ANALYSIS

**A.**     **STANDARD OF REVIEW**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner contends that (1) his sentence violates his constitutional rights because it is longer than that permitted by state law[1]; and (2) he received ineffective assistance of counsel in connection with his guilty plea.

When liberally construed, petitioner's claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order and the amended petition with attachments upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the

---

[1] This issue comprises the first two related "claims" in the amended petition – that both the sentence and enhancements thereto were not authorized by California law.

2

issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October   13  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\HAMILTON3072.OSC.wpd

3