United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HAMILTON, | No. C 09-3072 WHA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| vs. | |
| Warden M .J. EVANS, | (Docket No. 8) |
| Respondents. | |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28 U.S.C. 2254. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss on statute of limitations grounds, and petitioner has filed an opposition. The motion to dismiss will be granted.

## STATEMENT

On November 30, 2006, petitioner plead no contest to voluntary manslaughter with sentence enhancements for the use of a firearm and for prior convictions (Resp't. Ex. A). On January 31, 2007, the trial court sentenced him to a term of twenty years in state prison (*ibid.*). Petitioner did not file a direct appeal of his conviction or his sentence.

On December 7, 2007, petitioner filed a petition for a writ of habeas corpus in the Alameda County Superior Court, and it was denied on the same day (Resp't. Ex. B). He had signed the petition on November 28, 2007 (*ibid.*). Petitioner then filed a petition for a writ of

habeas corpus in the California Court of Appeal on January 16, 2008 (Resp't. Ex. C). The petition was denied on January 25, 2008 (*ibid.*). Finally, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on February 4, 2008 (Resp't. Ex. D). The petition was denied on July 30, 2008 (*ibid.*).

Petitioner signed the instant petition on June 30, 2009, and it was filed on July 8, 2009.

## ANALYSIS

Respondent contends that the petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. 2244(d)(1)(A).[1] Here, petitioner did not file a direct appeal. The "time for seeking" direct review expired when the deadline for filing an appeal in the California Court of Appeal passed. The deadline was March 27, 2007, or 90 days after the date petitioner was sentenced and judgment was entered in the trial court. *See* Cal. R. Ct. 8.308(a). Under the "mailbox rule," the instant petition is deemed filed on June 30, 2009, the date it was signed and presumably given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). As the instant petition was not filed until more than two years after the one-year limitations period began, the instant petition is untimely absent tolling.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. 2244(d)(2)). Under the mailbox rule, petitioner's first state habeas petition is deemed filed on November 28, 2007, the date it was signed. The limitations period had commenced on March 27, 2007, 246 days earlier. Thus, 246 days of the

---

[1] In rare instances neither argued in nor applicable to the present case, the limitation period may run from a different dated. See 28 U.S.C. §§ 2244(d)(1)(B)-(D).

2

1 limitations period had expired when petitioner filed his first state habeas petition, and tolling
2 under section 2244(d)(2) began, on November 28, 2007.  Tolling under section 2244(d)(2)
3 continued until petitioner's final state habeas petition was denied by the California Supreme
4 Court on July 30, 2008.  *See Carey v. Saffold*, 536 U.S. 214, 221-23 (2002) (statutory tolling
5 includes reasonable interstitial periods between state habeas petitions filed in successive state
6 courts as well as periods petitions are actually pending in the state courts).  The limitations
7 period began running again the following day, on July 31, 2008, and, as the one-year limitations
8 period had already run for 246 days prior to the filing of the first state habeas petition, it expired
9 119 days later, on November 27, 2008.   The instant petition was not filed until June 30, 2009,
10 however, approximately 216 days after the limitations period expired.  Consequently, the
11 instant petition is untimely absent equitable tolling.

12      The Supreme Court has "never squarely addressed the question whether equitable
13 tolling is applicable to AEDPA's statute of limitations." *Pace v. DiGuglielmo*, 544 U.S. 408,
14 418 n.8 (2005).  However, the Ninth Circuit has held that equitable tolling is available if
15 petitioner establishes: "(1) that he has been pursuing his rights diligently, and (2) that some
16 extraordinary circumstance stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th
17 Cir. 2006) (quoting *Pace*, 544 U.S. at 419).  The prisoner also must show that "the
18 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d
19 796, 799 (9th Cir. 2003) (citations omitted).  Here, petitioner does not argue that he is entitled
20 to equitable tolling, let alone make the required showing of diligence and extraordinary
21 circumstances.  His allegations of not having legal assistance and lacking legal training or
22 knowledge, while regrettable, do not constitute "extraordinary" circumstances that entitle him
23 to equitable tolling. *Raspberry*, 448 F.3d at 1154 (holding that pro se petitioner's lack of legal
24 knowledge is not, extraordinary circumstance warranting equitable tolling).  Petitioner's other
25 arguments in his opposition address the merits of his petition, and not its timeliness or the
26 availability of equitable tolling of the limitations period.

27      For the reasons discussed, the petition is untimely and the motion to dismiss will be
28 granted.

**CONCLUSION**

Respondent's motion to dismiss (document number 8 on the docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: January   14  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\HAMILTON3072.DSM-MTDSOL.wpd